COURT OF APPEALS
DECISION
DATED AND FILED

September 6, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2021AP1854**
**2021AP1855**

Cir. Ct. Nos. **2020CV710**
**2019CV2265**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

No. 2021AP1854

CITY OF WAUKESHA AND STATE OF WISCONSIN EX REL.
CITY OF WAUKESHA,

PLAINTIFFS-APPELLANTS,

V.

VILLAGE OF WAUKESHA, TOWN OF WAUKESHA BOARD OF SUPERVISORS
AND TOWN OF WAUKESHA JOINT REVIEW BOARD,

DEFENDANTS-RESPONDENTS.

---

No. 2021AP1855

STATE OF WISCONSIN EX REL. CITY OF WAUKESHA,

PETITIONER-APPELLANT,

V.

TOWN OF WAUKESHA,

**RESPONDENT-RESPONDENT.**

APPEALS from orders of the circuit court for Waukesha County: RALPH M. RAMIREZ, Judge. *Affirmed*.

Before Gundrum, P.J. Neubauer and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   In these consolidated cases, the City of Waukesha (the City) appeals from orders dismissing its actions against the Town of Waukesha (the Town),[1] et al.  The City challenges the Town's incorporation as a village on grounds that the Town failed to meet certain statutory conditions.  For the reasons that follow, we affirm.

¶2      In 2015, the legislature enacted WIS. STAT. § 66.02162 (2021-22),[2] which permitted towns to incorporate as villages under a special streamlined process.   The statute, which has since expired,[3] required towns to meet the following eight conditions for incorporation:

> 1.  The most recent federal decennial census shows that the resident population of the town exceeds 6,300.

---

[1] Throughout this opinion, we will refer to the Town of Waukesha as it existed before incorporation.

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[3] WISCONSIN STAT. § 66.02162 included a sunset clause whereby the statute would not apply after June 30, 2020.  WIS. STAT. § 66.02162(11).

    2. The town is contiguous to a 3rd class city.

    3. The most recent data available from the department of revenue show that the equalized value for the town exceeds $600,000,000.

    4. In one of the 5 years before the year in which the town board adopts the resolution, the town's equalized value increased more than 7 percent, compared to the town's equalized value for the prior year.

    5. The town board of the town is authorized to exercise village powers.

    6. The town has entered into, and is bound by, at least 2 separate cooperative boundary agreements under s. 66.0307 with at least 2 municipalities.

    7. The town has created at least one tax incremental financing district as authorized under s. 60.23(32).

    8. The town has established at least one town sanitary district under subch. IX of ch. 60.

Sec. 66.02162(1)(a)1-8.

¶3    The Town was interested in incorporating as a village through WIS. STAT. § 66.02162. However, as of mid-2019, it had still not met the last three conditions of § 66.02162(1)(a). That is, the Town had not entered into any cooperative boundary agreements and had not established either a tax incremental district ("TID") or a sanitary district. Accordingly, it took steps to address those deficiencies.

¶4    In the months that followed, the Town entered into two separate cooperative boundary agreements—one with the Town of Vernon and another with the Town of Mukwonago—that were approved by the Department of Administration (DOA). It also established a TID and a sanitary district. These actions were completed by March 2020.

¶5    The Town Board subsequently adopted a resolution asserting that the conditions of WIS. STAT. § 66.02162 had been met and providing for an incorporation referendum.  The residents of the Town voted to incorporate.  Eventually, on May 12, 2020, the DOA issued a certificate of incorporation to the Town.

¶6    The City filed actions against the Town, et al., prior to, and shortly after, the DOA's issuance of the certificate.  The actions were joined for litigation.  Collectively, they contested the lawfulness of the Town's cooperative boundary agreements, TID, and sanitary district and sought to invalidate the Town's incorporation under WIS. STAT. § 66.02162.

¶7    After a hearing on the matters, the circuit court issued orders dismissing the City's actions.  The court determined that the Town's cooperative boundary agreements, TID, and sanitary district were lawful and that the Town's incorporation was proper under WIS. STAT. § 66.02162.  These appeals follow.

¶8    On appeal, the City renews its challenge to the Town's incorporation under WIS. STAT. § 66.02162.  It asserts that the last three conditions of § 66.02162(1)(a) were not met because (1) the Town's cooperative boundary agreements did not secure necessary comments, join an essential party, or have legal effect; (2) the Town's TID did not satisfy a requirement for sewer service and was not supported by needed findings; and (3) the Town's sanitary district did not include a proposal for physical improvements and lacked a legitimate purpose.[4]

---

[4] The City does not dispute that the Town satisfied the other conditions for incorporation under WIS. STAT. § 66.02162(1)(a).

4

¶9      The problem with the City's first complaint is that it comes too late. "Upon the final approval of a cooperative plan, parties have 60 days to seek review of the Department's approval." *City of Mayville v. Dep't of Admin.*, 2021 WI 57, ¶27, 397 Wis. 2d 496, 960 N.W.2d 416 (citing WIS. STAT. § 66.0307(11)). This is done via WIS. STAT. ch. 227. Sec. 66.0307(9). After the sixty-day time period has run, "[n]o action to contest the validity of a cooperative plan … may be commenced." Sec. 66.0307(11). In this case, the City never filed a timely action under ch. 227 to challenge the DOA's approval of the Town's cooperative boundary agreements, which occurred in March 2020. As a result, it is prohibited from contesting the agreements now.[5]

¶10     The problem with the City's second complaint, meanwhile, is that the City lacks standing to make it. "'Standing' is a concept that restricts access to judicial remedy to those who have suffered some injury because of something that someone else has either done or not done." *Three T's Trucking v. Kost*, 2007 WI App 158, ¶16, 303 Wis. 2d 681, 736 N.W.2d 239. "[S]tanding is satisfied when a party has a personal stake in the outcome." *Krier v. Vilione*, 2009 WI 45, ¶20, 317 Wis. 2d 288, 766 N.W.2d 517. We agree with the Town that the City had no personal stake in the establishment of the Town's TID, which had no direct effect on the City's financial interests. *See Town of Baraboo v. Village of West Baraboo*, 2005 WI App 96, ¶37, 283 Wis. 2d 479, 699 N.W.2d 610 (town had no legally protected interest at stake in the amendment of a nearby village's tax

---

[5] The Town raised this argument in its response brief. The City did not properly file a reply brief. Accordingly, we deem the argument conceded. *See State v. Chu*, 2002 WI App 98, ¶41, 253 Wis. 2d 666, 643 N.W.2d 878.

incremental financing district). Consequently, we conclude that the City lacks standing to contest the Town's TID in these cases.[6]

¶11 As for the City's remaining complaint, we reject it on the merits. It is true that a petition to create a sanitary district must contain, "[a] general description of the proposed improvements." WIS. STAT. § 60.71(2)(a)6. However, there is no requirement that the proposed improvements be physical. Here, there was no need for physical improvements due to existing water facilities and laterals providing sewer service to the Town property via a prior agreement with the City. The Town's petition reflects this reality when it describes the proposed improvements as follows:

> All work required to monitor, manage and maintain the sewer service that is currently provided by the City of Waukesha to the proposed District lands. This work includes financial management, charging the benefitted parties appropriately, collecting the charges, as well as ensuring that the service is properly maintained and continues in the manner contemplated by the intergovernmental agreements [sic] with the City of Waukesha.

¶12 The circuit court found that maintenance could qualify as a proposed improvement for purposes of WIS. STAT. § 60.71(2)(a)6. We agree. Maintenance of "a water, solid waste collection and sewerage system" is one of the described powers/duties of a sanitary district. WIS. STAT. § 60.77(4). It stands to reason that actions furthering the maintenance of an existing sewer service can also be viewed as proposed improvements.

---

[6] Again, the City failed to respond to the Town's standing argument in a properly filed reply brief. Therefore, we deem the argument conceded. *See id.*

6

¶13    Finally, creating a separate and distinct municipal entity to oversee the maintenance of an existing sewer service is a legitimate purpose.  The fact that the Town had other motivations for establishing its sanitary district (i.e., to satisfy a condition for incorporation) does not render the sanitary district void.[7]

*By the Court.*—Orders affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[7] To the extent we have not addressed an argument on appeal, the argument is deemed rejected. *See **State v. Waste Mgmt. of Wis., Inc.***, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).